UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GERALD PROPHETE,

        Plaintiff,

   - against -

OFFICE OF THE STATE COMPTROLLER
OFFICE OF UNCLAIMED FUNDS,

        Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-1057 (RRM)(JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Gerald Prophete brings this *pro se* complaint against the New York State Office of the State Comptroller Office of Unclaimed Funds. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reason set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

    Plaintiff alleges that he made a claim with the Office of Unclaimed Funds for unclaimed funds identified under account number 007710406. That office responded with a letter indicating that the specified account number "has information indicating that this property belongs to a different Gerald Prophete." (Compl., Exhibit 4, Jan. 6, 2012 Letter from Laurie H. Both (ECF p. 6).) Plaintiff asserts that he is the named person and is the owner of the unclaimed property. He does not indicate whether he submitted additional information to the Office of Unclaimed Funds or made any further attempt to establish his ownership of the property. He demands $1 million in damages for emotional distress.

## DISCUSSION

### A. Standard of Review

In reviewing the Complaint, the Court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion thereof, if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Eleventh Amendment Immunity

Plaintiff's claims against the New York State Office of the Comptroller must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Since the Office of Unclaimed Funds is a branch of the New York State Office of the Comptroller and state agencies

are protected from claims for damages, plaintiff's claim for damages is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

For the reason stated above, the Court finds that the named defendant is protected by Eleventh Amendment immunity from suit. Since plaintiff's Complaint seeks monetary relief from a defendant who is immune from such relief, this action is hereby dismissed pursuant to 28 § 1915(e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge